UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARINER'S COVE SITE B ASSOCIATES, et al.,

    Plaintiffs,

- against -

TRAVELERS INDEMNITY COMPANY, et al.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-2-05 DS

**Memorandum
Opinion & Order**

04 Civ. 1913(KMW) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs are owners of an apartment complex and parking lot in Battery Park City in downtown Manhattan, near the former World Trade Center. Defendants issued commercial insurance policies to plaintiffs. These policies provided coverage for losses from property damage, loss of business income, and extra expenses. After September 11, 2001, plaintiffs filed claims for property damage and business income loss in excess of $43 million. Subsequently, plaintiffs brought an action against defendants on March 10, 2004, alleging that defendants wrongfully denied plaintiffs coverage. On June 18, 2004, plaintiffs submitted their first request for documents. Plaintiffs sought documents regarding defendants' methods used to evaluate, analyze, handle, and adjust plaintiffs' claims. Specifically, plaintiffs requested defendants' claims and underwriting manuals, request numbers 1-6, and 12-13, and documents relating to defendants' handling and evaluation of similar claims arising out of the September 11, 2001 attacks, request numbers 20-21. Defendants refused to produce these documents, asserting that they were irrelevant to plaintiffs' claims because the policy terms were not ambiguous.



Defendants also asserted that the requests were overly broad, not reasonably calculated to lead to admissible evidence, and overly burdensome to produce. On February 2, 2005, plaintiffs submitted a motion under Federal Rule of Civil Procedure 37 to compel defendants to produce documents responsive to request numbers 1-6, 12-13, 20, and 21.

## II. DISCUSSION

Though defendants allude to burdensomeness, the thrust of their argument to the Court was that this was a straightforward case of applying the policy provisions. In this, they are incorrect. To properly interpret an insurance policy, it is necessary to discern how that contract has been interpreted in the past. To this end, documents regarding similar claims of other insureds, the drafting history of a policy, and claims manuals are relevant and discoverable in actions to recover insurance reimbursement. *See* **Charles Turi Jewelry Co., Inc. v. The Hanover Ins. Cos.**, 1990 U.S. Dist. LEXIS 8358, at *4-6 (S.D.N.Y. July 10, 1990), *vacated in part by* **Charles Turi Jewelry Co., Inc. v. The Hanover Ins. Cos.**, 1990 U.S. Dist. LEXIS 8939 (S.D.N.Y. July 18, 1990); **Champion International Corp. v. Liberty Mut. Ins. Co.**, 1989 U.S. Dist. LEXIS 12929, *2-4, *aff'd*, 128 F.R.D. 608 (S.D.N.Y. 1989); **Young v. Liberty Mut. Ins. Co.**, 1999 U.S. Dist. LEXIS 6987, at *15 (D.Conn. Feb. 16, 1999). To the extent that defendants maintain that evidence of other claims will not be admissible, that contention is premature. This is the discovery phase. A party may obtain discovery of documents and materials which are relevant, nonprivileged, and reasonably calculated to lead to admissible evidence. *See* FED R. CIV. P. 26(b)(1). Moreover, under New York law, evidence of intent is relevant until there has been a finding that the policy is subject to only one interpretation. **Champion International Corp. v. Liberty Mut. Ins. Co.**, 129 F.R.D. 63, 67 (S.D.N.Y. 1989). Here, plaintiffs seek

evidence concerning the genesis of the applicable provision and its application to other insureds. They are entitled to this information during discovery.

Accordingly, **IT IS HEREBY ORDERED THAT** defendants produce copies of the requested discovery materials by May 10, 2005.

**SO ORDERED this 29th day of April 2005**
**New York, New York**

*/s/ Ronald L. Ellis*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**